FILED

2013 JUN 13 PM 1:50

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

8        UNITED STATES DISTRICT COURT

9    FOR THE CENTRAL DISTRICT OF CALIFORNIA

10         February 2013 Grand Jury

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 12-1170(A)-MWF |
| Plaintiff, | ) | **F I R S T** |
| | ) | **S U P E R S E D I N G** |
| v. | ) | **I N D I C T M E N T** |
| | ) | |
| ADELINE EKWEBELEM, | ) | [18 U.S.C. § 1349: Conspiracy |
| aka "Adeline Maduabuchi," | ) | to Commit Health Care Fraud; |
| ROMIE PORTER TUCKER, JR., | ) | 18 U.S.C. § 1347: Health Care |
| aka "Romy," | ) | Fraud; 18 U.S.C. § 2(b): |
| aka "Roman," | ) | Aiding and Abetting; 42 U.S.C. |
| aka "Ron," | ) | § 1320a-7b(b)(2): Illegal |
| MARITZA HERNANDEZ, and | ) | Remunerations for Health Care |
| CINDY SANTANA, | ) | Referrals] |
| aka "Cindya Santana," | ) | |
| CHARLES OKOYE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1349]

[All Defendants]

A.   GENERAL ALLEGATIONS

At all times relevant to this Indictment:

The Defendants

1.    Adelco Medical Distributors, Inc. ("Adelco") was a durable medical equipment ("DME") supply company located at 15223 South Crenshaw Boulevard, Suite #B, Gardena, California 90249, within the Central District of California.

2.    Defendant ADELINE EWKEBELEM, also known as ("aka") "Adeline Maduabuchi" ("defendant EKWEBELEM"), enrolled Adelco as a Medicare provider in or about June 2002.

3.    Between in or about November 2008, and in or about May 2011, defendant ROMIE PORTER TUCKER, JR., aka "Romy," aka "Roman," aka "Ron" ("defendant TUCKER") worked as a marketer for Adelco.

4.    Between in or about March 2011, and in or about November 2011, defendant MARITZA HERNANDEZ ("defendant HERNANDEZ") worked as a marketer for Adelco.

5.    Between in or about October 2009, and in or about August 2010, defendant CINDY SANTANA, aka "Cindya Santana" ("defendant SANTANA"), worked as a marketer for Adelco.

6.    Between in or about November 2008 and in or about November 2011, defendant CHARLES OKOYE ("defendant OKOYE"), a licensed physician and enrolled Medicare provider, referred more than 200 Medicare beneficiaries to Adelco for DME, primarily power wheelchairs ("PWCs") from his medical clinic, located at 4405 South Main Street in Los Angeles, California.  Defendant OKOYE also billed Medicare for services he allegedly provided to approximately 150 of those beneficiaries.

7.    Between in or about January 2007, and in or about December 2011, Adelco submitted approximately $7,350,695 in

2

1  claims to Medicare, primarily for PWCs, for which Medicare paid

2  Adelco approximately $3,452,299, representing more than

3  approximately 90% of Adelco's revenue during the period.

4      8.   Of the claims Adelco submitted to Medicare,

5  approximately $1,710,143 were for patients referred by defendant

6  OKOYE, for which Medicare paid Adelco approximately $824,566.

7      The Medicare Program

8      9.   Medicare was a federal health care benefit program,

9  affecting commerce, that provided benefits to individuals who

10  were over the age of 65 or disabled.  Medicare was administered

11  by the Centers for Medicare and Medicaid Services ("CMS"), a

12  federal agency under the United States Department of Health and

13  Human Services ("HHS").

14      10.   CMS contracted with private insurance companies to

15  certify DME providers for participation in the Medicare program

16  and monitor their compliance with Medicare standards, to process

17  and pay claims, and to perform program safeguard functions, such

18  as identifying and reviewing suspect claims.

19      11.   Noridian Administrative Services ("Noridian") processed

20  and paid Medicare DME claims in Southern California.

21      12.   Individuals who qualified for Medicare benefits were

22  referred to as Medicare "beneficiaries."   Each Medicare

23  beneficiary was given a Health Identification Card containing a

24  unique identification number ("HICN").

25      13.   DME companies, physicians, and other health care

26  providers that provided medical services that were reimbursed by

27  Medicare were referred to as Medicare "providers."

28      14.   To obtain reimbursement from Medicare, DME companies

3

1  and physicians first had to apply for and obtain a provider
2  number.  By signing the provider application, DME companies and
3  physicians agreed to abide by all Medicare rules and regulations,
4  including the Anti-Kickback Statute (42 U.S.C. § 1320a-7b(b)),
5  which, among other things, prohibits the payment of kickbacks or
6  bribes for the referral of Medicare beneficiaries for any item or
7  service for which payment may be made by Medicare.

8       15.  If Medicare approved a provider's application, Medicare
9  assigned the provider a Medicare provider number, which enabled
10 the provider to submit claims to Medicare for services rendered
11 to Medicare beneficiaries.

12      16.  Most DME providers, including Adelco, submitted their
13 claims electronically pursuant to an agreement with Medicare that
14 they would submit claims that were accurate, complete, and
15 truthful.  Under these agreements, DME providers are required to
16 retain all original source documentation supporting the claims
17 for 6 years and 3 months after the claim is paid.

18      17.  Medicare required a claim for Medicare reimbursement of
19 DME to set forth, among other things, the beneficiary's name and
20 HICN, the type of DME provided to the beneficiary, the date the
21 DME was provided, and the name and unique physician
22 identification number of the physician who prescribed or ordered
23 the DME.

24      18.  DME providers were only entitled to Medicare
25 reimbursement for DME that was medically necessary to the
26 treatment of a beneficiary's illness or injury, was prescribed by
27 a beneficiary's physician, and was provided in accordance with
28 Medicare regulations and guidelines that governed whether a

4

1  particular item or service would be reimbursed by Medicare.

2  Medicare required claims to be truthful, complete, and not

3  misleading.

4      19.  Medicare had a co-payment requirement for DME.

5  Medicare reimbursed providers 80% of the allowed amount of a DME

6  claim and the beneficiary was ordinarily obligated to pay the

7  remaining 20%.

8  B.   THE OBJECT OF THE CONSPIRACY

9      20.  Beginning in or about January 2007, and continuing to

10  in or about December 2011, in Los Angeles County, within the

11  Central District of California and elsewhere, defendant

12  EKWEBELEM, joined by defendant TUCKER from in or about November

13  2008 to in or about May 2011, defendant HERNANDEZ from in or

14  about March 2011 to in or about November 2011, defendant SANTANA

15  from in or about October 2009 to in or about August 2010, and

16  defendant OKOYE from in or about November 2008 to in or about

17  November 2011, together with others known and unknown to the

18  Grand Jury, knowingly combined, conspired, and agreed to commit

19  health care fraud, in violation of Title 18, United States Code,

20  Section 1347.

21  C.   THE MANNER AND MEANS OF THE CONSPIRACY

22      21.  The object of the conspiracy was carried out, and to be

23  carried out, in substance, as follows:

24          a.  Defendant EKWEBELEM would pay "marketers,"

25  including defendant TUCKER, defendant HERNANDEZ, and defendant

26  SANTANA, to solicit Medicare beneficiaries for Adelco.

27          b.  Defendant TUCKER, defendant HERNANDEZ, and

28  defendant SANTANA would solicit beneficiaries, offering them

1  medically-unnecessary PWCs, hospital beds, orthotics, and other
2  DME for free.

3          c.   At defendant EKWEBELEM's instruction, defendant
4  TUCKER, defendant HERNANDEZ, and defendant SANTANA would take the
5  beneficiaries to see doctors, including defendant OKOYE, chosen
6  by defendant EKWEBELEM and then take the beneficiaries to Adelco,
7  where the beneficiaries provided their HICNs and other patient
8  information to Adelco.

9          d.   For these beneficiaries, defendant OKOYE would
10  create fraudulent patient files that included PWC prescriptions
11  and false statements in face-to-face examination forms ("FTF
12  forms") purporting to support the medical need for the DME, even
13  though defendant OKOYE knew the beneficiaries did not medically
14  need PWCs and even though defendant OKOYE never even examined
15  some of the beneficiaries.  Defendant OKOYE would direct the
16  patients to Adelco to fill the prescriptions, knowing that Adelco
17  would bill Medicare for the provision of that DME.

18          e.   Defendant OKOYE would also bill and receive
19  payments from Medicare for office visits and diagnostic tests
20  allegedly provided to beneficiaries brought to him by Adelco's
21  marketers.

22          f.   Defendant EKWEBELEM would purchase or otherwise
23  obtain fraudulent prescriptions for DME and other medical
24  documentation for the beneficiaries, including false FTF forms
25  from defendant OKOYE and other doctors.

26          g.   Sometimes defendant OKOYE and other doctors would
27  provide Adelco with pre-signed FTF forms that were blank except
28  for the basic patient information and doctor's signature, in

1   which case either defendant EKWEBELEM or Adelco employees acting

2   at defendant EKWEBELEM's instruction would complete the form with

3   additional information aimed at justifying the medical necessity

4   of the DME.

5         h.   As defendant TUCKER, defendant HERNANDEZ, and

6   defendant SANTANA well knew, defendant EKWEBELEM would use the

7   Medicare beneficiary names, HICNs, and other patient information

8   for beneficiaries solicited by defendant TUCKER, defendant

9   HERNANDEZ, defendant SANTANA, and other marketers to submit false

10   and fraudulent claims under Adelco's provider number to Medicare

11   for PWCs, hospital beds, orthotics, and other DME that were not

12   medically necessary and in some cases not provided to Medicare

13   beneficiaries as represented in the claims.

14         i.   Defendant EKWEBELEM would direct that Medicare

15   payments on the claims Adelco submitted be deposited into

16   Adelco's business bank account at Bank of America, account number

17   xxxxx-x5603 (the "Adelco Bank Account"), which she controlled.

18         j.   From the approximately $3,452,299 Medicare paid to

19   Adelco between in or about January 2007, and in or about December

20   2011, defendant EKWEBELEM would write checks from the Adelco Bank

21   Account and pay cash to marketers and doctors, including

22   defendant TUCKER, defendant HERNANDEZ, defendant SANTANA, and

23   defendant OKOYE, in exchange for their referring Medicare

24   beneficiaries to Adelco.  Defendant EKWEBELEM would adjust the

25   payments to defendant TUCKER, defendant HERNANDEZ, defendant

26   SANTANA, and other marketers according to the DME ordered for the

27   beneficiaries and the doctors to whom the beneficiaries were

28

taken.   Defendant EKWEBELEM would only pay the marketers if Medicare paid Adelco for the DME for the recruited beneficiaries. Defendant EKWEBELEM would often require the marketers to refund any advance payment defendant EKWEBELEM had made to them if Medicare subsequently denied the claim.

k.   Defendant EKWEBELEM would also write approximately $629,009 in checks to herself and withdraw approximately $853,091 in cash from the Adelco Bank Account.

COUNTS TWO THROUGH FIFTEEN

[18 U.S.C. §§ 1347, 2(b)]

A.  INTRODUCTORY ALLEGATIONS

22.  The Grand Jury incorporates by reference and re-alleges paragraphs 1 through 19 and 21 of this Indictment as if fully set forth herein.

B.  THE SCHEME TO DEFRAUD

23.  Beginning in or about January 2007, and continuing until in or about December 2011, in Los Angeles County, within the Central District of California, and elsewhere, defendant EKWEBELEM, joined by defendant TUCKER from in or about November 2008 to in or about May 2011, defendant HERNANDEZ from in or about March 2011 to in or about November 2011, defendant SANTANA from in or about October 2009 to in or about August 2010, and defendant OKOYE from in or about November 2008 to in or about November 2011, together with others known and unknown to the Grand Jury, knowingly, willfully, and with intent to defraud, executed a scheme and artifice: (a) to defraud a health care benefit program, namely, Medicare, as to material matters in connection with the delivery of and payment for health care benefits, items, and services; and (b) to obtain money from Medicare by means of material false and fraudulent pretenses and representations and the concealment of material facts in connection with the delivery of and payment for health care benefits, items, and services.

C.  THE FRAUDULENT SCHEME

24.  The fraudulent scheme operated, in substance, as

1 described in paragraph 21 of this Indictment, which is hereby

2 incorporated by reference as if fully set forth herein.

3 D.   EXECUTION OF THE FRAUDULENT SCHEME

4      23.   On or about the dates set forth below, within the

5 Central District of California, and elsewhere, the following

6 defendants, together with others known and unknown to the Grand

7 Jury, for the purpose of executing the scheme to defraud

8 described above, knowingly and willfully submitted and caused to

9 be submitted to Medicare the following false and fraudulent

10 claims:

| Count | Defendant(s) | Approx. Date Claim Submitted | Beneficiary and Service | Amount Claimed | Claim No. |
|---|---|---|---|---|---|
| TWO | EKWEBELEM | 4/15/2008 | B.P. – Motorized wheelchair and accessories | $5,900.00 | 08106809988000 |
| THREE | EKWEBELEM | 4/25/2008 | M.M. – Motorized wheelchair and accessories | $5,900.00 | 08116806365000 |
| FOUR | EKWEBELEM, SANTANA, OKOYE | 8/9/2010 | F.D. – Motorized wheelchair and accessories | $6,570.09 | 10221874264000 |
| FIVE | EKWEBELEM, TUCKER | 9/7/2010 | B.M. – Motorized wheelchair and accessories | $7,104.13 | 10250893264000 |

| Count | Defendant(s) | Approx. Date Claim Submitted | Beneficiary and Service | Amount Claimed | Claim No. |
|---|---|---|---|---|---|
| SIX | EKWEBELEM, TUCKER | 9/29/2010 | M.A. – Motorized wheelchair and accessories | $7,061.07 | 10272854220000 |
| SEVEN | EKWEBELEM, TUCKER | 11/1/2010 | W.G. – Motorized wheelchair and accessories, orthotics | $7,967.94 | 10305879819000 |
| EIGHT | EKWEBELEM, OKOYE | 2/9/2011 | E.U. – Motorized wheelchair (rental) and accessories | $2,667.58 | 11040843333000 |
| NINE | EKWEBELEM, OKOYE | 4/22/2011 | E.U. – Motorized wheelchair (rental) and accessories | $1,400.00 | 11112806764000 |
| TEN | EKWEBELEM, HERNANDEZ | 7/11/2011 | P.O. – Motorized wheelchair (rental) and accessories, orthotics | $4,651.08 | 11192886051000 |
| ELEVEN | EKWEBELEM, SANTANA, OKOYE | 10/19/2009 | J.C. – Motorized wheelchair and accessories | $9,650.00 | 09292861755000 |
| TWELVE | EKWEBELEM, SANTANA, OKOYE | 10/19/2009 | M.C. – Motorized wheelchair and accessories | $9,650.00 | 09292861758000 |
| THIRTEEN | EKWEBELEM, SANTANA, OKOYE | 4/28/2010 | A.D. – Motorized wheelchair and accessories | $5,890.00 | 10118837597000 |

| Count | Defendant(s) | Approx. Date Claim Submitted | Beneficiary and Service | Amount Claimed | Claim No. |
|---|---|---|---|---|---|
| FOURTEEN | EKWEBELEM, OKOYE | 8/18/2010 | R.C. – Motorized wheelchair and accessories | $6,570.09 | 10230845726000 |
| FIFTEEN | EKWEBELEM, OKOYE | 10/21/2010 | R.C. – Motorized wheelchair and accessories | $5,390.00 | 10294801316000 |

COUNTS SIXTEEN THROUGH EIGHTEEN

[42 U.S.C. § 1320a-7b(b)(2)]

[Defendant EKWEBELEM]

24.   The Grand Jury hereby repeats and realleges paragraphs 1-19 and 21 of this Indictment as if fully set forth herein.

25.   On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant EKWEBELEM, together with others known and unknown to the Grand Jury, knowingly and willfully offered and paid remuneration, that is, either cash or checks payable in or about the amounts set forth below, to defendant Tucker, defendant Hernandez, and defendant Santana, to induce defendant Tucker, defendant Hernandez, and defendant Santana to refer individuals

1 | to Adelco for DME for which payment could be made in whole and in

2 | part under a Federal health care program, namely Medicare.

| Count | Approx. Date | Transaction |
|---|---|---|
| SIXTEEN | 7/13/2010 | Check number 3367, drawn on the Adelco Bank Account, in the amount of $1,200.00, payable to defendant Santana |
| SEVENTEEN | 10/28/2010 | Cash payment of $400 to defendant Tucker |
| EIGHTEEN | 7/8/2011 | Check number 3935, drawn on the Adelco Bank Account, in the amount of $550.00, payable to defendant Hernandez |

A TRUE BILL

/S/ _____
Foreperson

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

RICHARD E. ROBINSON
Assistant United States Attorney
Chief, Major Frauds Section

CONSUELO S. WOODHEAD
Assistant United States Attorney
Deputy Chief, Major Frauds Section

KRISTEN A. WILLIAMS
Assistant United States Attorney
Major Frauds Section

14