ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
KRISTEN A. WILLIAMS (Cal. Bar No. 263594)
CATHY J. OSTILLER (Cal. Bar No. 174582)
Assistant United States Attorneys
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0526/6159
     Facsimile: (213) 894-6269
     E-mail:  Kristen.Williams@usdoj.gov
              Cathy.Ostiller@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 12-1170(B)-MWF-5 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT CHARLES OKOYE |
| v. | |
| CHARLES OKOYE, | |
| Defendant. | |

1.   This constitutes the plea agreement between Charles Okoye ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

     a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count 1 of the

second superseding indictment in <u>United States v. Charles Okoye, et al.</u>, CR No. 12-1170(B)-MWF, which charges defendant with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349.

        b.   Not contest facts agreed to in this agreement.

        c.   Abide by all agreements regarding sentencing contained in this agreement.

        d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

        e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

        f.   Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

        g.   Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

        h.   Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

   3.   Defendant understands and acknowledges that as a result of pleading guilty pursuant to this agreement, defendant will be excluded from Medicare, Medicaid, and all Federal health care programs.  Defendant agrees to complete and execute all necessary documents provided by the United States Department of Health and Human Services, or any other department or agency of the federal government, to effectuate this exclusion within 60 days of receiving

the documents.  This exclusion will not affect defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

4.    Defendant further agrees:

a.    To stipulate to the revocation of defendant's medical license and shall lose all rights and privileges as a licensed physician in California;

b.    To not apply for licensure or petition for reinstatement of defendant's revoked medical license for at least five years from the effective date of the revocation; and

c.    That upon the effective date of the license revocation, the defendant shall be prohibited from engaging, either directly or indirectly, in any activity for which a medical license is required.

THE USAO'S OBLIGATIONS

5.    The USAO agrees to:

a.    Not contest facts agreed to in this agreement.

b.    Abide by all agreements regarding sentencing contained in this agreement.

c.    At the time of sentencing, move to dismiss the remaining counts of the second superseding indictment and underlying first superseding indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to

3

1  and including the time of sentencing, recommend a two-level reduction
2  in the applicable Sentencing Guidelines offense level, pursuant to
3  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
4  additional one-level reduction if available under that section.

5      e.   Except for criminal tax violations (including
6  conspiracy to commit such violations chargeable under 18 U.S.C.
7  § 371), not further criminally prosecute defendant for violations of
8  18 U.S.C. § 1347 arising out of defendant's conduct described in the
9  agreed-to factual basis set forth in paragraph 12 with respect his
10 prescription of medically unnecessary durable medical equipment in
11 exchange for illegal kickbacks from Esteem Medical Supply.  Defendant
12 understands that the USAO is free to criminally prosecute defendant
13 for any other unlawful past conduct or any unlawful conduct that
14 occurs after the date of this agreement.  Defendant agrees that at
15 the time of sentencing the Court may consider the uncharged conduct
16 in determining the applicable Sentencing Guidelines range, the
17 propriety and extent of any departure from that range, and the
18 sentence to be imposed after consideration of the Sentencing
19 Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

20                      <u>NATURE OF THE OFFENSES</u>

21      6.   Defendant understands that for defendant to be guilty of
22 the crime charged in count one, that is, conspiracy to commit health
23 care fraud, in violation of Title 18, United States Code, Section
24 1349, the following must be true:  (1) beginning in or about November
25 2008 and continuing until in or about November 2011, there was an
26 agreement between two or more persons to commit healthcare fraud, in
27 violation of Title 18, United States Code, Section 1347; and (2)
28 defendant became a member of this conspiracy knowing of its object

                                4

and intending to help accomplish it.  The elements of a violation of Title 18, United States Code, Section 1347, are: (1) defendant knowingly and willfully devised or participated in a scheme to defraud a health care benefit program; (2) the statements made or facts omitted as part of the scheme were material; (3) defendant acted with intent to defraud; and (4) the scheme involved the delivery of or payment for health care benefits, items, or services.

<u>PENALTIES AND RESTITUTION</u>

7.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1349, is: 10 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed and charges not prosecuted pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with

5

those counts.  The parties currently believe that the applicable amount of restitution is approximately $931,118.96, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

9.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to mandatory exclusion from providing services for any federal health care benefit program for at least five years, suspension or revocation of a professional license, and revocation of probation, parole, or supervised release in another case.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

6

11.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

12.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Background

Between in or about November 2008 and in or about November 2011, defendant, a licensed physician, prescribed DME (primarily power wheelchairs ("PWCs")) for patients he referred to Adelco Medical Distributors, Inc. ("Adelco"), a durable medical equipment ("DME") supplier.  During that time period, Adelco was owned by co-conspirator Adeline Ekwebelem, and was enrolled as a provider with Medicare, a federal health care benefit program affecting commerce

that provides reimbursement for medically necessary services to
persons aged sixty-five years and older and to certain disabled
persons.  Adelco purported to provide DME to Medicare beneficiaries.

<u>The Conspiracy to Defraud Medicare</u>

During the period described above, in Los Angeles County, within
the Central District of California, defendant conspired and agreed
with Ekwebelem and others to defraud Medicare by soliciting and
receiving illegal kickbacks in exchange for prescribing medically
unnecessary PWCs and other DME for Medicare beneficiaries he referred
to Adelco.  Defendant joined the conspiracy knowing of and intending
to help accomplish those goals.

Defendant solicited and received kickbacks from Ekwebelem in
exchange for referring Medicare beneficiaries to Adelco for DME that
he knew would be billed to Medicare by Adelco.  Defendant did so,
knowing that Ekwebelem had arranged to have many of the patients he
referred to Adelco brought to defendant's clinic for that purpose.
Defendant knew that it was illegal to solicit or receive kickbacks in
exchange for the referral of patients for PWCs or other DME paid for
by Medicare.

Defendant also knew that many of the beneficiaries he referred
to Adelco did not medically need PWCs and were able to walk
unassisted.  Defendant knew that Adelco fraudulently billed Medicare
for the PWCs, falsely claiming that PWCs were medically necessary.

During his involvement with the conspiracy, defendant referred
approximately 204 beneficiaries to Adelco for PWCs.  Defendant billed
Medicare approximately $52,802 for claims for services he allegedly
provided to the beneficiaries he referred to Adelco for DME, and
Medicare paid defendant approximately $29,927 on those claims.

8

1  Adelco billed Medicare approximately $1,710,143 for DME claims
2  related to beneficiaries defendant referred, and Medicare paid Adelco
3  approximately $824,566 on those claims.

Other Fraudulent DME Referrals

5       During approximately the same time period during which defendant
6  was engaged in a conspiracy to commit health care fraud with
7  Ekwebelem and Adelco, he was also prescribing medically unnecessary
8  DME, primarily PWCs, in exchange for kickbacks from the owner of
9  another DME company, Esteem Medical Supply.  Defendant referred
10 approximately 21 beneficiaries to Esteem for DME.  Esteem billed
11 Medicare approximately $128,221 for DME claims related to those
12 beneficiaries, and Medicare paid Esteem approximately $76,625 on
13 those claims.

SENTENCING FACTORS

15      13.   Defendant understands that in determining defendant's
16 sentence the Court is required to calculate the applicable Sentencing
17 Guidelines range and to consider that range, possible departures
18 under the Sentencing Guidelines, and the other sentencing factors set
19 forth in 18 U.S.C. § 3553(a).  Defendant understands that the
20 Sentencing Guidelines are advisory only, that defendant cannot have
21 any expectation of receiving a sentence within the calculated
22 Sentencing Guidelines range, and that after considering the
23 Sentencing Guidelines and the other § 3553(a) factors, the Court will
24 be free to exercise its discretion to impose any sentence it finds
25 appropriate up to the maximum set by statute for the crime of
26 conviction.

27      14.   Defendant and the USAO agree to the following applicable
28 Sentencing Guidelines factors:

9

| 1 | Base Offense Level: | 6 | [U.S.S.G. § 2B1.1(a)(1)] |
|---|---|---|---|
| 2 | Loss Between $400,000 | | |
| 3 | And $1 million: | +14 | [U.S.S.G. § 2B1.1(b)(1)(I)] |
| 4 | Abuse of a Position of Trust: | +2 | [U.S.S.G. § 3B1.3] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  In particular, the government reserves the right to argue – and defendant reserves the right to oppose – that the loss in this case is approximately $1,891,166 and that an enhancement of +16 for loss under U.S.S.G. § 2B1.1(b)(1)(J) should apply.

15.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel – and if necessary have the court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel – at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

18.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

19.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction within or below the range corresponding to an offense level of 21 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the

11

fine imposed by the court, provided it is within the statutory

maximum; (d) the amount and terms of any restitution order, provided

it requires payment of no more than $931,118.96; (e) the term of

probation or supervised release imposed by the Court, provided it is

within the statutory maximum; and (f) any of the following conditions

of probation or supervised release imposed by the Court: the

conditions set forth in General Orders 318, 01-05, and/or 05-02 of

this Court; the drug testing conditions mandated by 18 U.S.C.

§§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions

authorized by 18 U.S.C. § 3563(b)(7).

        20.  The USAO agrees that, provided (a) all portions of the

sentence are at or below the statutory maximum specified above and

(b) the Court imposes a term of imprisonment within or above the

range corresponding to an offense level of 21 and the criminal

history category calculated by the Court, the USAO gives up its right

to appeal any portion of the sentence, with the exception that the

USAO reserves the right to appeal the amount of restitution ordered

if that amount is less than $931,118.96.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

        21.  Defendant agrees that if, after entering a guilty plea

pursuant to this agreement, defendant seeks to withdraw and succeeds

in withdrawing defendant's guilty plea on any basis other than a

claim and finding that entry into this plea agreement was

involuntary, then (a) the USAO will be relieved of all of its

obligations under this agreement; and (b) should the USAO choose to

pursue any charge that was either dismissed or not filed as a result

of this agreement, then (i) any applicable statute of limitations

will be tolled between the date of defendant's signing of this

12

1  agreement and the filing commencing any such action; and

2  (ii) defendant waives and gives up all defenses based on the statute

3  of limitations, any claim of pre-indictment delay, or any speedy

4  trial claim with respect to any such action, except to the extent

5  that such defenses existed as of the date of defendant's signing this

6  agreement.

7              RESULT OF VACATUR, REVERSAL OR SET-ASIDE

8      22.  Defendant agrees that if the count of conviction is

9  vacated, reversed, or set aside, both the USAO and defendant will be

10 released from all their obligations under this agreement.

11                  EFFECTIVE DATE OF AGREEMENT

12     23.  This agreement is effective upon signature and execution of

13 all required certifications by defendant, defendant's counsel, and an

14 Assistant United States Attorney.

15                     BREACH OF AGREEMENT

16     24.  Defendant agrees that if defendant, at any time after the

17 signature of this agreement and execution of all required

18 certifications by defendant, defendant's counsel, and an Assistant

19 United States Attorney, knowingly violates or fails to perform any of

20 defendant's obligations under this agreement ("a breach"), the USAO

21 may declare this agreement breached.  All of defendant's obligations

22 are material, a single breach of this agreement is sufficient for the

23 USAO to declare a breach, and defendant shall not be deemed to have

24 cured a breach without the express agreement of the USAO in writing.

25 If the USAO declares this agreement breached, and the Court finds

26 such a breach to have occurred, then: (a) if defendant has previously

27 entered a guilty plea pursuant to this agreement, defendant will not

28

                                  13

1  be able to withdraw the guilty plea, and (b) the USAO will be

2  relieved of all its obligations under this agreement.

3     25.  Following the Court's finding of a knowing breach of this

4  agreement by defendant, should the USAO choose to pursue any charge

5  that was either dismissed or not filed as a result of this agreement,

6  then:

7        a.   Defendant agrees that any applicable statute of

8  limitations is tolled between the date of defendant's signing of this

9  agreement and the filing commencing any such action.

10       b.   Defendant waives and gives up all defenses based on

11 the statute of limitations, any claim of pre-indictment delay, or any

12 speedy trial claim with respect to any such action, except to the

13 extent that such defenses existed as of the date of defendant's

14 signing this agreement.

15       c.   Defendant agrees that: (i) any statements made by

16 defendant, under oath, at the guilty plea hearing (if such a hearing

17 occurred prior to the breach); (ii) the agreed to factual basis

18 statement in this agreement; and (iii) any evidence derived from such

19 statements, shall be admissible against defendant in any such action

20 against defendant, and defendant waives and gives up any claim under

21 the United States Constitution, any statute, Rule 410 of the Federal

22 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

23 Procedure, or any other federal rule, that the statements or any

24 evidence derived from the statements should be suppressed or are

25 inadmissible.

26                 COURT AND PROBATION OFFICE NOT PARTIES

27    26.  Defendant understands that the Court and the United States

28 Probation Office are not parties to this agreement and need not

                                   14

1  accept any of the USAO's sentencing recommendations or the parties'
2  agreements to facts or sentencing factors.

3       27.  Defendant understands that both defendant and the USAO are
4  free to: (a) supplement the facts by supplying relevant information
5  to the United States Probation Office and the Court, (b) correct any
6  and all factual misstatements relating to the Court's Sentencing
7  Guidelines calculations and determination of sentence, and (c) argue
8  on appeal and collateral review that the Court's Sentencing
9  Guidelines calculations and the sentence it chooses to impose are not
10 error, although each party agrees to maintain its view that the
11 calculations in paragraph 12 are consistent with the facts of this
12 case.  While this paragraph permits both the USAO and defendant to
13 submit full and complete factual information to the United States
14 Probation Office and the Court, even if that factual information may
15 be viewed as inconsistent with the facts agreed to in this agreement,
16 this paragraph does not affect defendant's and the USAO's obligations
17 not to contest the facts agreed to in this agreement.

18      28.  Defendant understands that even if the Court ignores any
19 sentencing recommendation, finds facts or reaches conclusions
20 different from those agreed to, and/or imposes any sentence up to the
21 maximum established by statute, defendant cannot, for that reason,
22 withdraw defendant's guilty plea, and defendant will remain bound to
23 fulfill all defendant's obligations under this agreement.  Defendant
24 understands that no one -- not the prosecutor, defendant's attorney,
25 or the Court -- can make a binding prediction or promise regarding
26 the sentence defendant will receive, except that it will be within
27 the statutory maximum.

28

<u>NO ADDITIONAL AGREEMENTS</u>

29.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

30.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_____     7/28/14
KRISTEN A. WILLIAMS                  Date
CATHY J. OSTILLER
Assistant United States Attorneys

_____     7/28/14
CHARLES OKOYE                        Date
Defendant

_____     7-28-14
LEO FASEN                            Date
Attorney for Defendant CHARLES
OKOYE

16

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        _____
CHARLES OKOYE                           7/28/14
Defendant                               Date

17

1            CERTIFICATION OF DEFENDANT'S ATTORNEY

2        I am Charles Okoye's attorney.  I have carefully and thoroughly

3   discussed every part of this agreement with my client.  Further, I

4   have fully advised my client of his rights, of possible pretrial

5   motions that might be filed, of possible defenses that might be

6   asserted either prior to or at trial, of the sentencing factors set

7   forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8   provisions, and of the consequences of entering into this agreement.

9   To my knowledge: no promises, inducements, or representations of any

10  kind have been made to my client other than those contained in this

11  agreement; no one has threatened or forced my client in any way to

12  enter into this agreement; my client's decision to enter into this

13  agreement is an informed and voluntary one; and the factual basis set

14  forth in this agreement is sufficient to support my client's entry of

15  a guilty plea pursuant to this agreement.

16

17  _____        _____
    LEO FASEN                              Date   7-28-19

18  Attorney for Defendant CHARLES
    OKOYE

19

20

21

22

23

24

25

26

27

28

                                18